# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CR416-059 |
| VINCENT GREEN, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Court ordered a mental health examination of defendant Vincent Green after finding reasonable cause to suspect his mental competency based upon his responses at a plea hearing. Doc. 23. After evaluating Green at the Federal Correctional Institution in Butner, North Carolina, the forensic psychologist concluded that Green's diagnosed personality disorders "do not adversely impact his ability to understand the nature and consequences of the proceedings against him and to assist properly in his defense." Doc. 33 at 16. Nor did Green "suffer from a severe mental disease or defect which made him unable to appreciate the nature and quality or the wrongfulness of his acts" at the time of the alleged offenses. *Id.* at 18.

Defendant and counsel for the parties did not dispute the report's findings or conclusions at the November 3, 2016 hearing. Based upon the unrebutted psychological evidence, as well as his conduct at the hearing,[1] the Court finds by a preponderance of the evidence that defendant is able to understand the proceedings against him and assist properly in his defense. It is therefore **RECOMMENDED** that the defendant be found competent to stand trial.

Prior to the hearing, Green filed a *pro se* motion asking the Court to dismiss appointed counsel and substitute new counsel. Doc. 37. At the hearing, however, Green orally withdrew his motion, expressed satisfaction with his attorney (Jeffery Arnold), and agreed to proceed with his current counsel.[2] Therefore, his Motion to Withdraw Counsel is **DENIED** as moot.

This Report and Recommendation (R&R) is submitted to the

---

[1] Green was able to articulate to the Court his concerns with the report's findings, and stated that he independently researched and prepared a Motion to Withdraw Counsel, *see* doc. 37, indicating that he is capable of understanding the charges against him and assisting in his defense.

[2] Green's motion also refers to his interest in withdrawing his guilty plea. Doc. 37 at 1. At the November 3, 2016 hearing, Green's counsel agreed that withdrawal of the plea was not properly before the Court, and that he would discuss the matter with his client following the hearing.

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written Fed. R. Civ. P. 72(b)(2) Objections to this R&R and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the Rule 72(b)(2) Objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that their failure to timely file Objections will result in the waiver of certain rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 4th day of November, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3