# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 416-059 |
| VINCENT GREEN, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Vincent Green's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Dkt. No. 81.  For the reasons below, Green's motion is **DISMISSED**.

## BACKGROUND

In April 2016, under a written plea agreement, Green pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).  Dkt. Nos. 21, 22.  As an armed career criminal, he faced a statutorily mandated prison term of fifteen years to life.  His advisory guidelines range was 180 months' imprisonment.  In February 2017, the Court sentenced Green to 180 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 56.  Green directly appealed, and the Court of Appeals affirmed his conviction and sentence. Dkt. Nos. 58, 72.  According to the BOP website, Green is currently incarcerated at FMC Forth

Worth, located in Fort Worth, Texas, with a projected release date of November 21, 2024.

Now Green moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Green's motion is based on the COVID-19 pandemic and his concern for his health. As the Government notes, however, Green has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Green does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 172.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Green has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction

2

to decide Green's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Green's motion for compassionate release, dkt. no. 81, is **DISMISSED**.

**SO ORDERED**, this 25 day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA