# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
UNITED STATES OF AMERICA,

v.                                          CR 416-059

VINCENT GREEN,

        Defendant.
```

### ORDER and INDICATIVE ORDER

Before the Court is Defendant Vincent Green's renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), dkt. no. 88, his motion for appointment of counsel and leave to appeal *in forma pauperis*, dkt. no. 91, and his motion to dismiss his notice of appeal, dkt. no. 97.

### BACKGROUND

In April 2016, under a written plea agreement, Green pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1).  Dkt. Nos. 21, 22.  As an armed career criminal, he faced a statutorily mandated prison term of fifteen years to life.  His advisory guidelines range was 180 months' imprisonment.  In February 2017, the Court sentenced Green to 180 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 56.  Green directly appealed, and the Court of Appeals affirmed his conviction and sentence.  Dkt. Nos. 58, 72.  In June and July of this year,

Green filed three motions for compassionate release.  See Dkt. Nos. 81, 84, 86.  The Court concluded each time that Green had failed to exhaust his administrative remedies, and, therefore, the Court did not have jurisdiction to decide Green's request. Dkt. Nos. 83, 85, 87.  According to the BOP website, Green is currently incarcerated at FMC Forth Worth, located in Fort Worth, Texas, with a projected release date of December 14, 2024.

Green has now renewed his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 88.  While the motion was pending before the Court, Green filed a notice of appeal of the Court's order dismissing his motion for compassionate release due to lack of jurisdiction.  Dkt. Nos. 83, 89; see also United States v. Green, No. 20-12928-B (11th Cir. Aug. 4, 2020). Green has also filed a motion for appointment of counsel and, it appears, a motion for leave to appeal in forma pauperis.  Dkt. No. 91.  Finally, Green has filed a motion to dismiss his notice of appeal.  Dkt. No. 97.  The Government opposes Green's motion for compassionate release.  Dkt. No. 93.

## JURISDICTION

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). "The general rule

regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999).  Because Green's appeal of the Court's order dismissing his motion for compassionate release remains pending before the Eleventh Circuit, this Court is without jurisdiction to consider his renewed motion for compassionate release. See, e.g., United States v. Campbell, — F. Supp. 3d —, No. 6:06-CR-06105, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020) ("Defendant[, in his motion for compassionate release,] is seeking a substantive modification to his sentence and this Court lacks the jurisdiction to grant this relief because of Defendant's pending appeal.").  Yet, under Federal Rule of Criminal Procedure 37, this Court may still issue an indicative ruling in circumstances such as this. See id. at *2; United States v. Martin, No. 18-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

    Rule 37 provides:

    (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

        (1) defer considering the motion;

        (2) deny the motion; or

        (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The committee notes to Rule 37 explain, "In the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for . . . motions under 18 U.S.C. § 3582(c)." See 18 U.S.C. § 3582 (committee notes on rules—211 Amendment). "[T]his rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." Martin, 2020 WL 1819961, at *2.

Thus, while the Court does not have jurisdiction to consider Green's renewed compassionate release motion because of his pending appeal, the Court will issue an indicative ruling thereon pursuant to Rule 37.[1]

## LEGAL AUTHORITY

Green now renews his motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

---

[1] That Green has filed a motion to dismiss his notice of appeal is of no moment. Green has an active appeal with the Eleventh Circuit, and this Court lacks jurisdiction to dismiss that appeal. Should Green wish to dismiss his appeal, he must file a dismissal with the Eleventh Circuit Court of Appeals rather than this Court. His motion to dismiss is thus **DISMISSED**.

4

>   the receipt of such a request by the warden of
>   the defendant's facility, whichever is earlier,
>   may reduce the term of imprisonment (and may
>   impose a term of probation or supervised release
>   with or without conditions that does not exceed
>   the unserved portion of the original term of
>   imprisonment), after considering the factors set
>   forth in section 3553(a) to the extent that they
>   are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons
>> warrant such a reduction;
>
>> (ii) the defendant is at least 70 years of
>> age, has served at least 30 years in prison,
>> pursuant to a sentence imposed under section
>> 3559(c), for the offense or offenses for
>> which the defendant is currently imprisoned,
>> and a determination has been made by the
>> Director of the Bureau of Prisons that the
>> defendant is not a danger to the safety of
>> any other person or the community, as
>> provided under section 3142(g);
>
>   and that such a reduction is consistent with
>   applicable policy statements issued by the
>   Sentencing Commission[.]

In application note 1 to the Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

5

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the

        environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The 18 § U.S.C. 3553(a) factors the Court must consider are

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     (C) to protect the public from further crimes of the defendant; and
>
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
>
>   (5) any pertinent policy statement--
>
>     (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>     (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

```
    (7) the need to provide restitution to any victims of
    the offense.
```

18 U.S.C. § 3553.

Before a prisoner can file a motion with the Court under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Id. § 3582(c)(1)(A).

## DISCUSSION

**I.   Green's Motion for Leave to Appeal *In Forma Pauperis***

Green filed his motion for compassionate release with the Court before he attempted to exhaust his administrative remedies with the BOP.  Green's purported reduction-in-sentence ("RIS") request to the BOP is dated June 9, 2020.  Dkt. No. 88-1. Green's initial motion for compassionate release to this Court is dated May 11, 2020 and docketed June 2, 2020.  Dkt. No. 81. Thus, Green failed to exhaust his administrative remedies by not waiting the required thirty days to receive a response from the BOP before he filed his motion with this Court.  The Court therefore **AFFIRMS** its previous Order dismissing his motion for lack of jurisdiction.  Dkt. No. 83.

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is

filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when it seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Whitted v. Roberts, Case No. 06-CV-776-KDB, 2010 WL 2025391, at *1 (S.D. Ala. Apr. 27, 2010). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted).

For the reasons set forth in this Order and the Court's June 25, 2020 Order, dkt. no. 83, the Court concludes Green's appeal is not taken in good faith but, rather, is frivolous. Accordingly, the Court **DENIES** his motion for leave to appeal *in forma pauperis*. Dkt. No. 91.

10

**II. Green's Renewed Motion for Compassionate Release**

Green avers that he exhausted his administrative remedies via his handwritten letter to the BOP dated June 9, 2020. Dkt. No. 88-1. Therein, he cites his sickle cell disease along with the COVID-19 pandemic as "extraordinary and compelling" reasons in support of his request. Id. The Court is inclined to find that Green has again failed to exhaust his administrative remedies because he has neither stated nor shown that the Warden denied his RIS request or that thirty days have passed without a response thereto. If the Warden did deny his request, Green has not stated whether he continued to participate in the administrative remedy process through its completion. Thus, the Court is unable to determine that it has jurisdiction to rule upon Green's motion and would **DISMISS** it.

Alternatively, out of an abundance of caution, the Court will address the merits of Green's motion for compassionate release with regard to the bases he cites therein. After consideration of Green's cited reasons, i.e. his health conditions combined with the risk of contracting COVID-19, the Court finds that Green has shown extraordinary and compelling reasons under 18 U.S.C. § 3582(c). That is not the end of the Court's analysis, however, as it now must consider the factors contained in 18 U.S.C. § 3553(a).

The Court concludes that the § 3553(a) factors weigh in favor of denying Green's motion. Green has a significant criminal history that includes convictions for fighting in public, disorderly conduct, receiving stolen property, burglary, carrying a concealed weapon and criminal use of a firearm with altered serial number, and aggravated assault on a police officer and possession of a firearm during a felony. Indeed, Green qualifies as an armed career criminal. Additionally, while in BOP custody, Green has had several disciplinary incidents, including one since he filed his original compassionate release motion. To grant Green compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses. Moreover, Green's medical records reflect that while he has sickle cell disease, the BOP is providing him with adequate treatment. There is no indication that Green would receive better or even adequate healthcare if he were released. Accordingly, if the Court were to reach the merits of Green's renewed motion for compassionate release, the Court would **DENY** it.

**III. Green's Motion for Appointment of Counsel**

Finally, the Court **DENIES** Green's motion for appointment of counsel. Dkt. No. 91. There is no automatic constitutional

12

right to counsel in post-conviction proceedings in a criminal case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); see also Barbour, 471 F.3d at 1227-32 (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel).

## CONCLUSION

This being an Indicative Order due to Green's pending appeal, should the Eleventh Circuit Court of Appeals remand the case to this Court, the Court would Order as follows: Green's renewed motion for compassionate release, dkt. no. 88, is **DISMISSED** for lack of jurisdiction. Alternatively, Green's renewed motion for compassionate release is **DENIED**.

Notwithstanding the Court's indicative rulings, Green's motion for leave to appeal *in forma pauperis* and motion for appointment of counsel, dkt. no. 91, are **DENIED**. His motion to dismiss his notice of appeal, dkt. no 97, is **DISMISSED**.

**SO ORDERED**, this 24th day of September, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA