UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

VINCENT GREEN

Case No. 4:16cr059

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant asserts that his medical condition, i.e. sickle cell disease, combined with the risks associated with COVID-19, qualify as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) warranting compassionate release. He also argues his rehabilitation efforts and his "erroneous" career offender status entitle him to a reduced sentence.

Defendant—who is thirty-one years-old—does not argue that his ability to engage in self-care within his facility is substantially diminished by his medical conditions. Indeed, Defendant's medical records tend to show that his medical condition is being treated—with monthly labs, prescription medications and routine follow-up visits—and is generally stable. Dkt. No. 118-1 at 2, 3, 5, 6, 10, 11, 40, 64, 69, 70. Moreover, Defendant has been fully vaccinated against COVID-19 (he received a booster in September 2022) and, indeed, recovered from a bout with COVID in January 2022 during which he remained asymptomatic. Additionally, as of December 20, 2022, there is only one confirmed active case of COVID-19 at USP Coleman II where Defendant is being housed. See bop.gov/coronavirus/ (search map for FCC Coleman) (showing confirmed active case

3

among one inmate and zero staff). General concerns regarding COVID-19 alone do not qualify as extraordinary and compelling reasons warranting compassionate release.

Defendant also claims his efforts at rehabilitation qualify as an extraordinary and compelling reason warranting release. However, "[a] prisoner's rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction." United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021); see also 28 U.S.C. § 994(t). Finally, Defendant argues he is entitled to a reduced sentence because his career-offender status is erroneous. However, "erroneous career offender status" is "not included in [U.S.S.G.] § 1B1.13's list of extraordinary and compelling reasons" warranting compassionate release. United States v. Noesi, No. 20-12827, 2021 WL 3754592, at *3 (11th Cir. Aug. 25, 2021). Defendant's reliance on Concepcion v. United States, 142 S. Ct. 2389 (2022), is misplaced. While Defendant argues the Court should consider his allegedly erroneous career-offender status, Congress has "cabin[ed] district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements" when considering a motion for compassionate release. Concepcion, 142 S. Ct. at 2394 (noting Congress has imposed express statutory limits on sentencing modification proceedings pursuant to 18 U.S.C. §§ 3582(a), (c)(1)(A) and 3583(c)). The Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason to warrant compassionate release.

Additionally, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. Defendant has a significant criminal history that includes convictions for fighting in public, disorderly conduct, receiving stolen property, burglary, carrying a concealed weapon and criminal use of a firearm with altered serial number, and aggravated assault on a police officer and possession of a firearm during a felony. Additionally, while in Bureau of Prisons' custody, Defendant has had several disciplinary incidents, including

4

twenty-one sanctions since July 2018.  Dkt. No. 118-2.  While Defendant argues his institutional violations are nonviolent and do not show that he will be a recidivist, Defendant's disciplinary record while incarcerated indicates he continues to have trouble obeying the law.  Finally, while the Court commends Defendant for his rehabilitation efforts—paying the ordered restitution and participating in anti-recidivism programs—those efforts are not compelling in light of Defendant's extensive criminal history and recent disciplinary history.  To grant Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

Finally, the Court does not have the ability to grant Defendant's request for home confinement.  Under 18 U.S.C. § 3621(b) and 34 U.S.C. § 60541, it is the Bureau of Prisons' responsibility to compute a prisoner's sentence, including home confinement designation—not the Court's.  See United States v. Pearson, No. 21-10750, 2021 WL 4987940, at *1 n.1 (11th Cir. Oct. 27, 2021); see also Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992), abrogated on other grounds by Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED**.

Dated:
December 26, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA