# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,

v.

VINCENT GREEN,

     Defendant.

CR 416-059

## ORDER

Before the Court is Defendant Vincent Green's motion for reconsideration of this Court's Order denying his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(a). Dkt. No. 132; see also Dkt. Nos. 114, 118, 120, 122-125. The Government has responded in opposition, dkt. no. 133, and the motion is ripe for review.

## BACKGROUND

In April 2016, under a written plea agreement, Green pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Dkt. Nos. 21, 22. As an armed career criminal, he faced a statutorily mandated prison term of fifteen years to life. His advisory guidelines range was 180 months' imprisonment. In February 2017, the Court sentenced Green to 180 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 56. Green directly appealed, and the Court of Appeals

affirmed his conviction and sentence. Dkt. Nos. 58, 72. According to the BOP website, Green is currently incarcerated at USP Coleman II, located in Sumterville, Florida, with a projected release date of February 15, 2025.

In June and July of 2020, Green filed three motions for compassionate release. See Dkt. Nos. 81, 84, 86. The Court concluded each time that Green had failed to exhaust his administrative remedies, and, therefore, the Court did not have jurisdiction to decide Green's request. Dkt. Nos. 83, 85, 87. Green renewed his motion for compassionate release, dkt. no. 88, while simultaneously appealing the Court's previous dismissal Order, dkt. no. 89. The Eleventh Circuit Court of Appeals ultimately dismissed Green's appeal, dkt. no. 101, and the Court then dismissed Green's renewed motion, dkt. no. 100. In January 2021, Green filed another motion pursuant to § 3582(c)(1)(A), dkt. no. 103, which the Court denied, dkt. no. 104. In February 2022, Green filed yet another motion for compassionate release, dkt. no. 105, which the Court denied, dkt. no. 113. In November 2022, Green filed a motion for reduction of sentence/compassionate release, dkt. no. 114, which the Court denied on December 27, 2022, dkt. no. 125. Green appealed. Dkt. No. 126. That appeal is still pending. Now before the Court is Green's April 10, 2023 motion for reconsideration of the Court's December 27, 2022 Order. Dkt. No. 132 at 4.

**JURISDICTION**

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). Because Green's appeal of the Court's Order denying his motion for compassionate release remains pending before the Eleventh Circuit, this Court is without jurisdiction to consider his motion for reconsideration. See, e.g., United States v. Campbell, 613 F. Supp. 3d 666, 668 (W.D.N.Y. Apr. 2020) ("Defendant[, in his motion for compassionate release,] is seeking a substantive modification to his sentence and this Court lacks the jurisdiction to grant this relief because of Defendant's pending appeal.").

Yet, under Federal Rule of Criminal Procedure 37, this Court may still issue an indicative ruling in circumstances such as this. See United States v. Martin, No. 18-834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

Rule 37 provides:

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant

3

because of an appeal that has been docketed and is
pending, the court may:

    (1) defer considering the motion;

    (2) deny the motion; or

    (3) state either that it would grant the motion if
    the court of appeals remands for that purpose or that
    the motion raises a substantial issue.

The committee notes to Rule 37 explain, "In the criminal context,
the Committee anticipates that Criminal Rule 37 will be used
primarily if not exclusively for . . . motions under 18 U.S.C.
§ 3582(c)." See 18 U.S.C. § 3582 (committee notes on rules—211
Amendment). "[T]his rule allows district courts to deny, but not
to grant, a motion for which it lacks jurisdiction due to a pending
appeal." Martin, 2020 WL 1819961, at *2.

Thus, while the Court does not have jurisdiction to consider
Defendant's motion for reconsideration because of his pending
appeal, the Court will issue a ruling thereon pursuant to Rule 37.

## LEGAL AUTHORITY

"[N]o statute or Federal Rule of Criminal Procedure
authorizes the filing of a motion for reconsideration in a criminal
case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir.
2013). Yet, the Eleventh Circuit has permitted the filing of
motions for reconsideration in criminal cases. See United States
v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010).

"In deciding motions for reconsideration in criminal cases,
courts use the standards applicable to such motions filed in civil

cases under Federal Rule of Civil Procedure 59." <u>United States v. Smith</u>, No. CR115-063, 2020 WL 4368270, at *1 (S.D. Ga. July 30, 2020). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

## DISCUSSION

### I.   Defendant's Motion is Untimely

"[A] criminal defendant must file a motion for reconsideration within 14 days of the order or judgment," that is, "within the time allotted for filing a notice of appeal." <u>United States v. Saunders</u>, No. 22-11640, 2023 WL 2822129, at *1 (11th Cir. Apr. 7, 2023) (citing Fed. R. App. 4(b); <u>United States v. Vicaria</u>, 963 F.2d 1412, 1413-14 (11th Cir. 1992)). However, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. 4(b)(4).

Here, even giving Green the benefit of the additional thirty days allowed under Federal Rule of Appellate Procedure 4(b)(4), his motion for reconsideration is untimely.  The Order of which he seeks reconsideration was docketed December 27, 2023.  Dkt. No. 125.  Therefore, he had through February 9, 2023 to file any motion

to reconsider.  Green's motion, however, is dated April 10, 2023, over two months later.  Dkt. No. 132 at 4.  Accordingly, Defendant's motion is **DENIED as untimely**.  See United States v. Sanders, No. CR417-011, 2022 WL 1424985, at *1 (S.D. Ga. May 5, 2022), aff'd, No. 22-11640, 2023 WL 2822129 (11th Cir. Apr. 7, 2023) (denying as untimely a motion for reconsideration).

## II. Defendant's Motion Fails on the Merits

Even if the Court did reach the merits of Green's motion, it would still be denied.  Green urges the same arguments contained in his motion for compassionate release.  First, he argues United States v. Concepcion, 142 S. Ct. 2389 (2022), gives the court authority to grant his motion.  Dkt. No. 132.  However, as explained in the Court's Order, Green's reliance on Concepcion is misplaced.  The Concepcion Court explained that, with regard to sentencing modifications under § 3582(c)(1)(A), "Congress has . . . imposed express statutory limitations . . . cabining district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements."  142 S. Ct. at 2394.  Those policy statements generally limit "extraordinary and compelling" reasons warranting compassionate release to a defendant's medical condition, family circumstances, or age, U.S.S.G. § 1B1.13, Policy Statement, Application Note 1, none of which Defendant mentions in his motion for reconsideration, see dkt. no. 132.

Next, Green argues that the U.S. Sentencing Commission has "update[d]" § 1B1.13 to state that "changes of law can be judged as extraordinary and compelling reasons in support of a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." Dkt. No. 132 at 3. Green is mistaken. The Court infers that Green has misinterpreted the holding in Concepcion. There, the Court addressed § 404 of the First Step Act, which involves retroactive application of the Fair Sentencing Act of 2010. 142 S. Ct. at 2401. It found that, when addressing § 404 retroactivity, a district court *may consider intervening changes of law or fact* in exercising its discretion to reduce a sentence. Id. at 2398-2405. Here, though, the Court is required to analyze § 603 of the First Step Act, which amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). Thus, Concepcion addresses an entirely different issue under the First Step Act, and it, therefore, does not give this court authority to consider intervening changes of law when deciding a § 3582(c)(1)(A) motion, as Green suggests.

Finally, Green again argues that he should not have been designated a career offender. Dkt. No. 132. As the Court explained in its Order, "erroneous career offender status" is "not included in [U.S.S.G.] § 1B1.13's list of extraordinary and compelling reasons" warranting compassionate release. Dkt. No. 125 (quoting United States v. Noesi, No. 20-12827, 2021 WL 3754592, at *3 (11th Cir. Aug. 25, 2021)).

## CONCLUSION

Green's motion for reconsideration, dkt. no. 132, is **DENIED** as untimely.  Moreover, even if the Court were to reach the merits of his motion, it would still be **DENIED**.

**SO ORDERED**, this ___3___ of May, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA